IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-529-FL

| | | |
|---|---|---|
| PATRICK DEON SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| RALEIGH POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before this court for review of the application of Plaintiff Patrick Deon Solomon ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, Plaintiff's motion to proceed IFP is allowed. However, for the reasons stated below, it is recommended that Plaintiff's complaint [DE-1-1] be dismissed.

## I. PLAINTIFF'S COMPLAINT

Plaintiff alleges in the complaint a claim against the Raleigh Police Department for violation of his Fourth Amendment rights based on his illegal search and seizure and detainment in connection with a May 3, 2008 arrest. Compl. [DE-1-1] at 2. Plaintiff alleges that a court determined Plaintiff was illegally detained and searched, and lists a "court disposition date" as January 14, 2009. *Id.*

## II. STANDARD OF REVIEW

When a plaintiff proceeds IFP, the court reviews the complaint's allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to

2

conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

Affording the allegations of *pro se* Plaintiff's complaint the liberal construction due, the complaint must be dismissed as time barred. Plaintiff's claim that his Fourth Amendment rights

3

were violated is reasonably construed a claim pursuant to 42 U.S.C. § 1983, which provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. "There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's 'most analogous' statute of limitations, generally the statute applicable to personal injury actions." *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. June 2, 2004) (unpublished) (citing *Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). "However, the date the cause of action accrues is determined under federal law." *Id.* (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991)). "In North Carolina, the statute of limitations for actions under 42 U.S.C. 1983 (2000) is three years." *Id.* (citing *Love v. Alamance Cnty. Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985)). "Under federal law, a cause of action accrues and the statute of limitations commences 'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Id.* (citing *Nasim*, 64 F.3d at 955). The court may raise a statute of limitations defense *sua sponte* when a complaint is filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim*, 64 F.3d at 953-54).

The alleged unconstitutional search, seizure, and detainment upon which Plaintiff's § 1983 claim is based occurred on his date of arrest, May 3, 2008. Compl. [DE-1-] at 2; *see Myers v. AT & T, Inc.*, No. 5:12-CV-714-BO, 2014 WL 6851642, at *5 (E.D.N.C. Dec. 2, 2014) (unpublished) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182-83 (4th Cir. 1996) (cause of action for warrantless arrest or detention accrues on date of seizure); *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981) (cause of action for illegal search accrues on date

4

of search)); *Spencer v. Town of Chapel Hill*, 290 F. Supp. 2d 655, 659 (M.D.N.C. 2003) (applicable statute of limitations for § 1983 claim based on unreasonable search and seizure was three years from the date of the vehicle stop). Plaintiff filed this action on October 8, 2015, more than seven years after the alleged search, seizure, and detention, and more than four years after the statute of limitations had run. Even assuming, *arguendo*, that the alleged "court disposition date" of January 14, 2009, was the operative date for purposes of the statute of limitations, the matter would still have been filed outside the three-year limitations period and, consequently, is time barred. Additionally, there are no facts alleged in the complaint that would support equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling has generally been applied where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time" and is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Accordingly, it is recommended Plaintiff's § 1983 claim be dismissed as time barred by the three-year statute of limitations.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the underlying complaint be DISMISSED as time barred by the statute of limitations.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiff. You shall have until **November 9, 2015** to file written objections to the

5

Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** ***See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SO ORDERED AND SUBMITTED, this the _21_ day of October 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

6